■ MARTIN NOREN et al., Respondents, v HARO PUB LTD. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered June 28, 1976, denying defendants' motion to dismiss plaintiffs' two causes of action, unanimously affirmed. Respondents shall recover of appellants $60 costs and disbursements of this appeal. Bleeway Estates, Inc., was the fee owner of premises known as 643 Broadway, and the plaintiffs were mortgagees of that property. In June, 1974, Bleeway entered into an agreement of lease with Haro Pub Ltd. at a monthly rental of $2,000. The agreement was conditioned on Haro's obtaining a tavern liquor license and the term of the leasehold was not to commence until 30 days after the State Liquor Authority approval of the license. The premises opened for business on October 1, 1974. In October, 1974 the Norens declared a default in payment on the mortgage by Bleeway and commenced a foreclosure action. After the commencement of the foreclosure action, Haro and Bleeway modified their lease agreement by reducing the rental to $1,000 per month; adding options to renew the term of the lease; and deleting the mortgage subordination clause originally contained therein. A judgment of foreclosure was obtained in October, 1975 and plaintiffs became the new owners. Plaintiffs sued Haro and Bleeway and their principals, alleging that their actions impaired the security of the mortgage and requesting damages as well as a declaration of the invalidity of Haro's lease agreement. Defendants Haro and Graziano moved at Special Term to dismiss the complaint or, in the alternative, for summary judgment. That motion was denied and we would affirm. The complaint contains allegations spelling out a cause of action in fraud against the defendants sufficient to withstand a motion to dismiss the complaint. Furthermore, at this juncture, it appears that there are sufficient issues of fact with regard to the timing of the new lease agreement between Haro and Bleeway, and the basis for the changes in its terms, to warrant a plenary trial rather than a summary disposition. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Lane, JJ.